AUSTIN R. GIBBONS, ESQ. SBN 034619
SEAN C. CONLEY, ESQ. SBN 130814
GIBBONS & CONLEY
1333 North California Boulevard, Suite 110
Walnut Creek, CA 94596
Telephone: (925) 932-3600 Fax: (925) 932-1623

Attorneys for Defendant City of Pittsburg

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIEM HIEU LE, | CASE NO. 3:08-cv-00727-JL |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT |
| v. | |
| CITY OF PITTSBURG, | Date:     April 23, 2008 |
| Defendant. | Time:     9:30 a.m. Location: Courtroom F, 15th Floor Judge:    Magistrate Judge Larson |

TO PLAINTIFF:

Please take notice that on the above date and time, or as soon thereafter as the matter may be heard in the above entitled Court, defendant will move the Court to dismiss all claims, or, in the alternative, to order a more definite statement of claims. This motion will be based upon the grounds set forth in the motion and the Memorandum of Points and Authorities attached hereto, namely that the complaint fails to allege a cause of action and in the alternative, that the complaint fails to give fair notice of the claims.

This motion will be based upon this Notice of Motion and Motion and the

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

1

NOTICE OF MOTION AND MOTION TO DISMISS                    CASE NO. CIV 3:08-cv-00727-JL

pleadings and papers filed herein, as well as any other further material properly presented to the Court in this matter.

Dated:   March 18, 2008                    GIBBONS & CONLEY

                                           By:   /s/  Sean C. Conley
                                                 AUSTIN R. GIBBONS
                                                 SEAN C. CONLEY
                                                 Attorneys for Defendant City of Pittsburg

## MOTION

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's complaint, of less than one page in length, is beyond a model of brevity. The complaint does not allege any specific wrongful conduct, other than a summary legal conclusion that there was "discrimination, and the abuse of power, and the negligence of employees of defendant City of Pittsburg." This allegation is so bare of legal and factual context that defendant cannot reasonably respond to the allegation, nor does the allegation state a cause of action against this defendant. Therefore, it is respectfully requested that this Court dismiss this complaint, or in the alternative, order a more definite statement of the claim.

### THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION AGAINST THE DEFENDANT.

Under Federal Rules of Civil Procedure Rule 12(b)(6), the Court may dismiss an action which fails to state a claim upon which relief may be granted. Plaintiff initially fails to allege proper jurisdiction of this Court. Plaintiff alleges jurisdiction under 28 U.S.C. section 1332, diversity. First, it is not clear that the City is a

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA  94596
(925) 932-3600
Fax (925) 932-1623

2

NOTICE OF MOTION AND MOTION TO DISMISS                           CASE NO. CIV 3:08-cv-00727-JL

"citizen" for diversity purposes. *Miller v. Los Angeles* (9th Cir. 1964) 341 F.2d 964; *Fifty Associates v. Prudential Ins. Co.* (9th Cir. 1970) 446 F.2d 1187, 1191; but see *Moor v. Alameda* (1973) 411 U.S. 693, 716. Even assuming that the City is a "citizen," there is simply no diversity of citizenship. Plaintiff alleges he is a citizen of the State of California, and that defendant City of Pittsburg is a California city. Thus, plaintiff has affirmatively alleged the absence of diversity.

Furthermore, the sole named defendant is the City of Pittsburg, yet there is no specific allegation that the City committed any particular act. A claim for liability of a public entity for violation of civil rights, presuming that this is the basis of plaintiff's claim, cannot be based upon a theory of vicarious liability. *Monell v. Dept. of Social Services* (1978) 436 U.S. 658, 691-692. A complaint alleging a *Monell* theory of liability must specify acts by the public entity justifying its independent liability. *Kelson v. Springfield* (9th Cir. 1985) 767 F.2d 651, 656.

Furthermore, no federal basis for jurisdiction is properly stated. The claim of "abuse of power," is not a recognized federal constitutional basis for jurisdiction in Federal Court. The claim of "discrimination" is similarly inadequate to invoke federal jurisdiction. Even presuming an Equal Protection claim is intended, such a claim requires plaintiff to allege membership in a "suspect class." See *Caswell v. Calderon* (9th Cir. 2004) 363 F.3d 832, 838 "To states a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis* (9th Cir. 2003) 345 F.3d 1071, 1082.

Plaintiff also alleges "negligence," but this is a state law cause of action. The

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

1  complaint alleges that defendant City of Pittsburg is a public entity. Therefore,
2  compliance with the Government Claims Act is an element of this cause of action.
3  *California v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1243. Plaintiff must
4  affirmatively allege compliance to state a cause of action against a public entity.
5  *Karim-Pahahi v. Los Angeles Police Dept.* (9th Cir. 1988) 839 F.2d 621, 627.

6  Furthermore, plaintiff alleges damages in his prayer for the undifferentiated
7  sum of $2 million. Federal Rules of Civil Procedure Rule 9(g) requires that
8  "[w]hen items of special damages are claimed, they shall be specifically stated."

### PLAINTIFF, IN THE ALTERNATIVE, SHOULD BE REQUIRED TO MAKE A MORE DEFINITE STATEMENT OF CLAIM

11  Plaintiff is required to make a "simple, concise and direct" statement of the
12  basis for his claims. Federal Rule of Civil Procedure, Rule 8(e)(1). Legal
13  conclusion standing alone are insufficient to apprise the defendant of the basis for
14  the claim. See *Lee v. Los Angeles* (9th Cir. 2001) 250 F.3d 668, 679. It is simply not
15  enough to allege that a wrong has been committed and to make a demand for relief.
16  Federal rules require a pleading to give "fair notice" of the claim asserted and the
17  "grounds upon which it rests." *Conley v. Gibson* (1957) 355 U.S. 41, 47-48.

18  In the present case, neither the factual basis nor the legal theory underlining
19  plaintiff's claims can be identified. The complaint simply fails to allege sufficient
20  information for the defendant to reasonably respond to the complaint.

### CONCLUSION

22  For the above reasons, defendant City of Pittsburg requests that this action be
23  dismissed for failure to state a claim upon which relief may be granted. In the

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

4

NOTICE OF MOTION AND MOTION TO DISMISS                           CASE NO. CIV 3:08-cv-00727-JL

1  alternative, defendant requests that the Court order a more definite statement of the
2  facts and claims of these stated by plaintiff so as to give defendant an opportunity to
3  provide a reasonable response.

Dated:   March 18, 2008                          GIBBONS & CONLEY

                                       By:   /s/  Sean C. Conley
                                             SEAN C. CONLEY
                                             Attorneys for Defendant City of Pittsburg